# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
NOVEMBER 2025 02507
E-Filing Number: 2511037911

PLAINTIFF'S NAME
GINA GABRIEL

PLAINTIFF'S ADDRESS
65 SCHOOLHOUSE LANE
COATESVILLE PA 19320

PLAINTIFF'S NAME

PLAINTIFF'S ADDRESS

PLAINTIFF'S NAME

PLAINTIFF'S ADDRESS

DEFENDANT'S NAME
TARGET CORPORATION

DEFENDANT'S ADDRESS
1900 CHESTNUT STREET
PHILADELPHIA PA 19103

DEFENDANT'S NAME
TARGET

DEFENDANT'S ADDRESS
1900 CHESTNUT STREET
PHILADELPHIA PA 19103

DEFENDANT'S NAME
TARGET BRANDS, INC.

DEFENDANT'S ADDRESS
1000 NICOLLETT MALL
MINNEAPOLIS MN 55403

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 6

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [x] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
NOV 18 2025
L. BREWINGTON

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: GINA GABRIEL

Papers may be served at the address set forth below.

NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY
THOMAS F. SACCHETTA

ADDRESS
308 EAST SECOND STREET
MEDIA PA 19063

PHONE NUMBER
(610)891-9212

FAX NUMBER
(610)891-7190

SUPREME COURT IDENTIFICATION NO.
46834

E-MAIL ADDRESS
tom@sbattorney.com

SIGNATURE OF FILING ATTORNEY OR PARTY
THOMAS SACCHETTA

DATE SUBMITTED
Tuesday, November 18, 2025, 09:23 am

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. TARGET CORPORATION
   1900 CHESTNUT STREET
   PHILADELPHIA PA 19103
2. TARGET
   1900 CHESTNUT STREET
   PHILADELPHIA PA 19103
3. TARGET BRANDS, INC.
   1000 NICOLLETT MALL
   MINNEAPOLIS MN 55403
4. JOHN DOE(S) I-V
   123 UNKNOWN
   UNKNOWN PA 12345
5. JOHN DOE(S) VI-X
   123 UNKNOWN
   UNKNOWN PA 12345
6. JOHN DOE(S) XI-XV
   123 UNKNOWN
   UNKNOWN PA 12345

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
TYLER SACCHETTA, ESQUIRE
Attorney I.D. No. 325228
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.*

Filed and Attested by the
Office of Judicial Records
18 NOV 2025 09:[illegible] am
A. BREWINGTON

Attorney for plaintiff

---

| | | |
|---|---|---|
| GINA GABRIEL<br>65 Schoolhouse Lane,<br>Coatesville, PA 19320<br>Plaintiff | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br>CIVIL ACTION - LAW |
| v. | : | NO. 251102507 |
| TARGET CORPORATION<br>1900 Chestnut Street,<br>Philadelphia, PA 19103<br>and<br>TARGET<br>1900 Chestnut Street,<br>Philadelphia, PA 19103<br>and<br>TARGET BRANDS, INC.<br>1000 Nicollett Mall,<br>Minneapolis, MN 55403<br>and<br>JOHN DOE(S) I-V<br>being a fictitious designation pursuant to Pa. R. Civ. P. 2005 for corporation(s) and/or entity(ies) who were in the care, custody, and control of and/or responsible for maintenance on the premises identified in detail below on the date as outlined below, and whose identity/identities is/are presently unknown to plaintiff<br>and<br>JOHN DOE(S) VI-X<br>being a fictitious designation pursuant to Pa. R. Civ. P. 2005 for corporation(s) and/or entity(ies) who were in the care, custody, and control of and/or responsible for maintenance of the premises being the property manager(s) identified in detail | : | |

below on the date as outlined below, and whose identity/identities is/are presently unknown to plaintiff :
and :
JOHN DOE(S) XI-XV :
being a fictitious designation pursuant to Pa. R. Civ. P. 2005 for corporation(s), entity(ies), and/or individual(s) who were in the care, custody, and control of the premises being the property owner of the premises identified in detail below on the date as outlined below, and whose identity/identities is/are presently unknown to plaintiff :
Defendants :

**NOTICE TO DEFEND**

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Philadelphia County Bar Association
Lawyers Referral and Information Service
1 Reading Center
Philadelphia, PA 19107
215-238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas on las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Lega
One Reading Center
Filadelfia,Pennsylvania 19107

Telef.: 215-238-6333

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
TYLER SACCHETTA, ESQUIRE
Attorney I.D. No. 325228
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.*

Attorney for plaintiff

| | | |
|---|---|---|
| GINA GABRIEL<br>65 Schoolhouse Lane,<br>Coatesville, PA 19320<br>Plaintiff<br><br>v.<br><br>TARGET CORPORATION<br>1900 Chestnut Street,<br>Philadelphia, PA 19103<br>and<br>TARGET<br>1900 Chestnut Street,<br>Philadelphia, PA 19103<br>and<br>TARGET BRANDS, INC.<br>1000 Nicollett Mall,<br>Minneapolis, MN 55403<br>and<br>JOHN DOE(S) I-V<br>being a fictitious designation pursuant to Pa. R. Civ. P. 2005 for corporation(s) and/or entity(ies) who were in the care, custody, and control of and/or responsible for maintenance on the premises identified in detail below on the date as outlined below, and whose identity/identities is/are presently unknown to plaintiff<br>and<br>JOHN DOE(S) VI-X<br>being a fictitious designation pursuant to Pa. R. Civ. P. 2005 for corporation(s) and/or entity(ies) who were in the care, custody, and control of and/or responsible for maintenance of the premises being the property manager(s) identified in detail below on the date as outlined below, and | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br>CIVIL ACTION - LAW<br><br><br><br>NO. 251102507 |

whose identity/identities is/are presently :
unknown to plaintiff :
and :
JOHN DOE(S) XI-XV :
being a fictitious designation pursuant to :
Pa. R. Civ. P. 2005 for corporation(s), :
entity(ies), and/or individual(s) who were :
in the care, custody, and control of the :
premises being the property owner of the :
premises identified in detail below on the :
date as outlined below, and whose :
identity/identities is/are presently unknown :
to plaintiff :
Defendants :

## PLAINTIFF'S COMPLAINT

AND NOW, comes the plaintiff, Gina Gabriel, by and through her attorney, Thomas F. Sacchetta, Esquire, and avers as follows:

1. Plaintiff, Gina Gabriel, is an adult individual residing at 65 Schoolhouse Lane, Coatesville, PA 19320.

2. Defendant, Target Corporation, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Minnesota with an address located at 1900 Chestnut Street, Philadelphia, PA 19103. Defendant, Target Corporation, regularly conducts business in Philadelphia County.

3. Defendant, Target, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Minnesota with an address located at 1900 Chestnut Street, Philadelphia, PA 19103. Defendant, Target, regularly conducts business in Philadelphia County.

4. Defendant, Target Brands, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under

the laws of the State of Minnesota with an address located at 1000 Nicollett Mall, Minneapolis, MN 55403. Defendant, Target Brands, Inc., regularly conducts business in Philadelphia County.

5. Defendants, John Doe I-V (fictitious name) is/are entity/entities that, through it's employees, agents, workmen, and/or servants were in the care, custody and control of and/or responsible for maintenance and/or repairs on the premises identified in detail below on the date as outlined below, and whose identity/identities is/are presently unknown to plaintiff.

6. Defendants, John Doe VI-X (fictitious name) is/are entity/entities that, through it's employees, agents, workmen, and/or servants were in the care, custody and control of and/or responsible for maintenance of the premises being the property manager(s) identified in detail below on the date as outlined below, and whose identity/identities is/are presently unknown to plaintiff.

7. Defendants, John Doe XI-XV (fictitious name) is/are entity/entities/individual(s) that, through it's employees, agents, workmen, and/or servants, were in the care, custody, and control of the premises being the property owner of the premises identified in detail below on the date as outlined below, and whose identity/identities is/are presently unknown to plaintiff.

8. Defendants, John Doe I-V's identity, after reasonable investigation, is/are currently unknown.

9. Defendants, John Doe VI-X's identity, after reasonable investigation, is/are currently unknown.

10. Defendants, John Doe XI-XV's identity, after reasonable investigation, is/are currently unknown.

11. At all times relevant hereto, defendants, Target Corporation, Target, Target Brands, Inc., John Doe I-V, John Doe VI-X, and/or John Doe XI-XV, were in the exclusive

possession, management and control of the premises and Target Store located at or about 201 Sunrise Blvd., Exton, PA 19341.

12. At all times relevant hereto, defendants, Target Corporation, Target, Target Brands, Inc., John Doe I-V, John Doe VI-X, and/or John Doe XI-XV, were responsible for maintenance and repairs of the premises and Target Store located at or about 201 Sunrise Blvd., Exton, PA 19341.

13. On or about December 16, 2023, plaintiff, Gina Gabriel, was lawfully on the aforesaid premises she was caused to suffer injury as a result of a defective condition, i.e., defective and improperly maintained, installed, stocked, secured and/or repaired facility/premises causing an unreasonably dangerous condition to exist.

**COUNT I - NEGLIGENCE**

**Plaintiff, Gina Gabriel v. All Defendants**

14. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

15. The accident was caused exclusively and solely by the defendants' negligence, in that:

(a) Defendants caused or permitted dangerous conditions to exist;

(b) Defendants failed to make a reasonable inspection of the premises, which would have revealed the dangerous condition created by the defendant;

(c) Defendants failed to give warning of the dangerous condition and failed to erect barricades or to take any other precautions to prevent injury to the plaintiff;

(d) Defendants failed to remove the defective condition;

(e) Defendants failed to exercise reasonable prudence and due care to keep the premises in a safe condition for the plaintiff; and

(f) Defendants was otherwise negligent under the circumstances.

16. Defendants through their employees, servants and agents, either had actual notice of the unsafe and dangerous condition of the premises and sufficient time to correct the dangerous situation, or the condition existed for so long a period of time prior to the occurrence that defendants, in the exercise of due care, could and should have known of the unsafe and dangerous condition of the premises.

17. Solely as a result of the negligence of defendants, plaintiff was caused to suffer various physical injuries, including, but not limited to, injuries to her face, head and left eye with vision related problems.

18. As a direct result of the aforesaid injury, plaintiff suffered severe shock to her nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

19. Plaintiff has been compelled to expend and will be required to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

20. As a result of her injuries, plaintiff has and may in the future continue to incur unreimbursed wage loss and medical expenses.

21. As a result of her injuries, plaintiff may have suffered a permanent disability and a permanent impairment of her earning power and capacity.

22. As a direct result of the injury, plaintiff has been prevented from attending to her usual duties and obligations, and believes that she may be prevented from so doing in the future, as her injuries seem to be permanent in nature.

23. As a result of her injuries, plaintiff has in the past suffered and may in the future suffer permanent diminution in her ability to enjoy life and life's pleasures..

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in excess of the arbitration limit of this court.

SACCHETTA & BALDINO

By: /s/ Thomas F. Sacchetta
THOMAS F. SACCHETTA, ESQUIRE
Attorney for plaintiff

## VERIFICATION

I hereby verify that the attached answers and statements made in the foregoing documents are true and correct to the best of my knowledge, information and belief. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.